### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil No. 1:10-cv-00137-SM |
| | ) |
| v. | ) |
| | ) |
| WILLIAM L. FILGATE, and | ) |
| SUZANNE M. FILGATE, | ) |
| | ) |
| Defendants. | ) |

### ORDER OF SALE

On August 13, 2010, this Court entered its Default Judgment that defendant William L. Filgate was liable for unpaid income taxes in the amount of $428,527.39 as of July 20, 2010, plus statutory additions accruing from and after July 20, 2010, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c), and enforcing federal tax liens that are associated with those liabilities and that had attached to certain real property (the "Gilford Property") commonly known as 2 Hollow Spur, Gilford, New Hampshire 03249, and specifically described as:

 A certain tract or parcel of land situated in said Gilford, in said County of Belknap, and State of New Hampshire, being Lot #10 as shown on "Plan Showing Land of John Goodhue Situated on the Southeasterly side of the New and Old Route #11, Glendale, Gilford, N.H., July 1962, Thomas J. Collard" as recorded in the Belknap County Registry of Deeds in Plan Book 16, Page 1212, and bounded and described as follows:

 Commencing at an iron pin driven in the ground at the intersection of two forty (40) foot roadways, shown on said plan, at the northeasterly corner of Lot #10; thence running North fifty-nine degrees forty minutes West (N 59° 40' W) ninety feet (90') along one of such roadways to an iron pin driven in the ground at the northeasterly corner of Lot #12, as shown on said plan; thence turning and running South thirty degrees twenty minutes West (S 30° 20' W) fifty feet (50') along Lot #12 to an iron pin driven into the ground at Lot #11; thence turning and running South fifty-nine degrees forty minutes East (S 59° 40' E) ninety feet (90')

>along Lot #11 to an iron pin driven into the ground on the northwesterly side of one of the said forty (40) foot roadways; thence turning to the left and running North thirty degrees twenty minutes East (N 30° 20' E) fifty feet (50') along said roadway to the point of beginning.
>
>>Subject to the right of one Monti to maintain a water pipe across the premises herein described, with the right to enter upon the premises doing no unnecessary damage for the purpose of repairing or replacing the same.
>
>Together with the right to pass and repass on foot or by vehicle, in common with others, between Locke's Hill Road and the premises herein conveyed over and across a right of way forty feet (40') in width and shown on the plan above referred to.
>
>The Grantees by acceptance of this deed hereby covenant and agree that not more than one trailer shall be placed or maintained on the premises herein conveyed, this covenant to run with the land and shall be binding upon all subsequent grantees. This covenant may be enforced by the owner of any portion of the land shown on the above mentioned plan by an action instituted in Belknap County Superior Court.
>
>Meaning and intending to describe and convey the same premises conveyed to the grantor herein by deed of Thomas DiFabio and Nellie DiFabio and Jeannine Kelley, dated February 12, 1998 and recorded March 5, 1998 at Book 1457, Page 185 of the Belknap County Registry of Deeds.

The Court now ORDERS that the Gilford Property be sold under title 28, United States Code, §§ 2001 and 2002, and title 26 United States Code, §§ 7402(a) and 7403(c), to satisfy those tax liens, as follows:

1. The Internal Revenue Service Property Appraisal and Liquidation Specialists unit ("PALS"), is authorized to take custody of the Gilford Property, offer it for public sale, and sell the Gilford Property subject to further approval of this Court.

2. The terms and conditions of the sale are as follows:

   a. The sale of the Gilford Property shall be free and clear of the interests of William L. Filgate, Suzanne M. Filgate, and the United States of America.

  b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Gilford Property, and to valid easements and restrictions of record, if any.

  c. The sale shall be held either at the courthouse of the county or city in which the Gilford Property is located, or on the Gilford Property's premises.

  d. PALS shall give notice of the sale as follows: Notice of the sale shall be published once a week for at least four consecutive weeks before the sale, in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the Gilford Property is situated, and, additionally and at the discretion of PALS, by any other notice that PALS deems appropriate. Any such notice shall contain a legal description of the Gilford Property and shall contain the terms and conditions of sale hereto set forth in this Order of Sale.

  e. PALS shall set a minimum bid for the Gilford Property. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold another public sale, if necessary, and reduce the minimum bid, if PALS deems it appropriate to do so.

  f. At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order, certified check, or cashier's check payable to the Clerk of the United States District Court for the District of New Hampshire, a deposit in an amount of at least five (5) percent of the minimum bid as specified by PALS in the notice. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this deposit requirement.

g.  The sale of the Gilford Property shall be subject to approval by this Court. The successful bidder(s) shall pay the balance of the purchase price for the Gilford Property within thirty (30) days following the date of approval of the sale by this Court.  The successful bidder(s) shall deliver a money order, certified check, or cashier's check, payable to the United States District Court for the District of New Hampshire, to PALS, which shall deposit these funds with the Clerk of this Court.  When these fund are delivered to PALS, PALS shall execute and deliver its deed conveying the Gilford Property to the purchaser(s).  On approval of the sale, all interests in, liens against, or claims to, the Gilford Property that are held or asserted by William L. Filgate, Suzanne M. Filgate, and/or the United States of America shall be discharged and extinguished.

h.  If the bidder fails to tender the balance of the purchase price within thirty (30) days after court approval, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the federal tax liabilities of William L. Filgate that are the subject of this case, and the Gilford Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative and at the discretion of PALS, be sold to the second highest bidder, again subject to approval by this Court.

i.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further order of this Court.

j.  After approval and tender of the balance of the purchase price, the Recording Official of Belknap County, New Hampshire shall cause transfer of the Gilford Property to the purchaser(s) to be reflected upon that county's register of title.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees that are required by law.

    k. The sale of the Gilford Property is ordered pursuant to 28 U.S.C. § 2001 and 26 U.S.C. § 7403(c), and is made without any right of redemption.

  3. William L. Filgate shall neither commit waste against the Gilford Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Gilford Property nor cause or permit anyone else to do so.  Defendants Williams L. Filgate and Suzanne M. Filgate shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Gilford Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

  4. All persons occupying the Gilford Property shall vacate the Gilford Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Gilford Property).  If any person fails or refuses to vacate the Gilford Property by the date specified in this Order, PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the Gilford Property thirty (30) days after the date of this Order shall be deemed forfeited and abandoned, and PALS is authorized to dispose of it in any manner it sees fit, including sale, with the proceeds of the sale to be applied first to the expenses of sale.  Checks for the purchase of the personal property shall be made out to the Clerk of the Court for the District of New Hampshire, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

5. No later than two (2) business days after vacating the Gilford Property pursuant to the deadline set forth above, William L. Filgate shall contact the paralegal for the United States, Marion Goyette, at (202) 514-6674, and provide a forwarding address where he can be contacted.

6. Pending the sale of the Gilford Property, and until the deed to the Gilford Property is delivered to the successful bidder, PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the value of the Gilford Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Gilford Property.

7. Distribution of proceeds from the sale of the Gilford Property shall be subject to further order of this Court.

By the Court,

Dated: June 7, 2011

/s/ Steven J. McAuliffe
Honorable Steven J. McAuliffe
Chief Judge, United States District Court